Dorothy B. Johnson et al. [1] v. Commissioner. Johnson v. Commissioner
Docket Nos. 49280, 56515-56518.
United States Tax Court
T.C. Memo 1955-291; 1955 Tax Ct. Memo LEXIS 44; 14 T.C.M. (CCH) 1121; T.C.M. (RIA) 55291; October 28, 1955
*44 Petitioners were common stockholders in a corporation which distributed cash and property to them in 1949. The fair market value of the property exceeded both the adjusted basis of the property to the corporation and the total current earnings or profits in 1949. At the beginning of 1949, the corporation did not have any accumulated earnings or profits. Held, the total fair market value of the distributions in 1949 is taxable as dividends to stockholders only in an amount equal to the total current earnings or profits of the corporation which were available for distribution to the common stockholders, and the excess is applied against and reduces the basis of the stock in the hands of each stockholder, any excess over the adjusted bases being taxable in the same manner as a gain from the sale or exchange of property. Harry Handley Cloutier, 24 T.C. - (No. 113, September 19, 1955), followed. Clifford V. Heimbucher, C.P.A., Mills Tower, San Francisco, Calif., for the petitioners. T. M. Mather, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined deficiencies in income tax for the year 1949, as follows: *45 Docket
No.
Petitioner
Deficiency
49280
Dorothy B. Johnson
$12,611.38
56515
Barbara Bridge
13,667.86
56516
Farnsworth and Elizabeth B.
Currier
10,309.40
56517
Francis P. and Marjory B.
Farquhar
11,236.74
56518
Pearson and Hope Weston
Henderson
12,772.15
The petitioners contend that there are no deficiencies and that there are overpayments of tax. In 1949, a corporation made distributions to the petitioners of cash and appreciated property. The total fair market value of the distributions was greater than the corporation's total current earnings or profits, (there being no accumulated earnings or profits) and the adjusted basis of the distributed property to the corporation was greater than such total accumulated and current earnings or profits. The issue presented concerns the determination of the effect of the distributions upon the stockholders for tax purposes. Findings of Fact All of the facts have been stipulated. The stipulations and the attached exhibits are incorporated herein by this reference. We find as facts all of the stipulated facts. All of the petitioners filed their returns with the collector for the first district *46 of California. All of the petitioners are residents of either San Francisco or towns located in the suburban area near San Francisco. Bridge Investment Company is a California corporation having its principal office in San Francisco. The business of the corporation is the holding and operating of real property, including ranch properties. Throughout the year 1949, the total outstanding common capital stock of the corporation consisted of 3,000 shares, all of which was held by 5 stockholders (the petitioners) who held 600 shares, each. The stockholders are Dorothy B. Johnson, Barbara Bridge, Elizabeth B. Currier, Marjory B. Farquhar, and Pearson Henderson, who are referred to hereinafter as the petitioners. At the beginning of 1949 Bridge Investment Company, hereinafter referred to as the corporation, had no accumulated earnings and profits; it had, in fact, a substantial deficit from operations. The corporation realized net income during 1949 in the amount of $38,999.02. After adjustments for bad debts recovered, Federal income taxes paid, and dividends paid on preferred stock, its earnings available for common stock dividends amounted to $17,224.11. During 1949, on March 31, *47 June 30, September 30, and December 29, the corporation distributed cash dividends to the common stockholders in the total amount of $24,000, which represents $8 per share. On each of the above dates, cash dividends totaling $6,000, were distributed. During 1949, each common stockholder received cash dividends in the total amount of $4,800. On December 31, 1949, the corporation made distribution to the common stockholders of certain improved real property located in San Francisco. Each stockholder received an undivided one-fifth interest in the realty. At the time of the distribution, the fair market value of the realty was $210,000. The fair market value of each undivided interest in the property was $42,000. The adjusted basis of the realty to the corporation was $78,854.74. The total fair market value of all of the distributions in 1949 to the common stockholders, cash plus an interest in property, amounted to $234,000, or $46,800, to each stockholder. The basis to the corporation of the cash and property distributed in 1949 amounted to $102,854.74. Each stockholder, in the return for 1949, except Dorothy B. Johnson, reported as common stock dividends received from the *48 corporation, $4,522.62, which amount is about 9.7 per cent of $46,800. Dorothy B. Johnson, reported $4,522.67 as common stock dividends from the corporation. Each petitioner reported the balance of the fair market value of all of the corporation's common stock distributions, namely, $42,277.38, as a return of capital. All of the stockholders, except Pearson Henderson, reported the cost or other basis of the common stock as equal to or in excess of $42,277.38, and, therefore, no capital gain was reported from the receipt of the portion of the distribution which each treated as a return of capital. Pearson Henderson reported the cost or other basis of his 600 shares of common stock as $340.19. Therefore, he reported $41,937.19 as long-term capital gain. The respondent, in his deficiency notices, made the following determinations with respect to the distributions to Bridge's common stockholders: To the extent of Bridge's earnings or profits available for dividends on common stock, $17,224.11, or $5.74 per share, the distribution was taxable as a dividend; to the extent the sum of the cash distributed and Bridge's adjusted basis in the property exceeded earnings and profits available *49 for dividends, $85,630.63, or $28.55 per share, the distribution constituted a return of capital; and to the extent the fair market value of the distribution exceeded the amounts to be treated as dividends or return of capital, $131,145.26, or $43.71 per share, the distribution was taxable as "a dividend or other ordinary income." On the basis of the foregoing determinations, the respondent determined that each of the petitioners received the following income and return of capital: Total for
Per share
600 shares
Dividend income
$ 5.74
$ 3,444.00
Dividend or other ordinary
income
43.71
26,226.00
Return of capital
28.55
17,130.00
$78.00
$46,800.00
On the foregoing basis, the respondent reduced the dividends reported by each petitioner by $1,078.62, i.e., from $4,522.62 to $3,444; and he increased the income of each petitioner in the amount of $26,226, as "a dividend or other ordinary income." Opinion The corporation at the beginning of 1949 did not have any accumulated earnings or profits. It had current earnings in 1949, of which the sum of $17,224.11 was available for distribution to its common shareholders. In addition to cash distributions *50 in the amount of $24,000, the corporation made distribution to its common stockholders of appreciated real property by distributing undivided one-fifth interests in the property to each of its five common stockholders. The adjusted basis of the real property to the corporation was greater than its total current earnings or profits; the fair market value of the property also exceeded the corporation's total current earnings or profits. It is the respondent's position that the fair market value of the distributed real property constitutes a taxable dividend to the common shareholders except to the extent that its adjusted basis to the corporation exceeds the total earnings or profits (as that excess is adjusted to reflect the cash distributions which, also, were made in the taxable year), and that this excess constitutes a return of capital to the shareholders. The respondent relies upon Commissioner v. Hirshon Trust, 213 Fed. (2d) 523, and Commissioner v. Godley's Estate, 213 Fed. (2d) 529, reversing 19 T.C. 1082. The petitioners contend that the total fair market value of the cash and real property distributed in 1949 is taxable as income *51 to the shareholders only to the extent of the corporation's total earnings or profits, i.e., the current earnings or profits for 1949, and that the excess should be applied against the adjusted basis of the stock to each shareholder, with any amount in excess of that basis being taxed as capital gain. The same problem was before this Court, under similar facts, in Harry Handley Cloutier, 24 T.C. - (No. 113, September 19, 1955). There we sustained the taxpayers. We said: "* * * It is our view that such distribution of property is a taxable dividend to shareholders only to the extent of the corporation's total accumulated and current earnings or profits with respect to the taxable year of the distribution, and that the excess of the distribution's fair market value over such earnings or profits constitutes a distribution of capital within the meaning of section 115(d), Internal Revenue Code of 1939. Although two Courts of Appeals have recently held to the contrary ( Commissioner v. Hirshon Trust (C.A. 2, 1954), 213 Fed. (2d) 523, reversing a Memorandum Opinion of this Court [12 TCM 364,]; and Commissioner v. Godley's Estate (C.A. 3, 1954), 213 Fed. (2d) 529, *52 reversing 19 T.C. 1082), we respectfully decline to follow those holdings for the reasons hereinafter expressed." The decision of this Court in the Cloutier case is controlling. Much that was said by Judge Fisher in the Cloutier case applies here and has been applied to a large extent in haec verba. It is held that the contentions of the petitioners are correct. Since the total fair market value of the cash and property distributed to the shareholders in 1949, i.e., the petitioners, exceeded the corporation's total current earnings or profits (there having been no accumulated earnings or profits at the beginning of 1949), the distributions constituted dividend income to the shareholders only in an amount equal to the amount of the current earnings or profits of 1949 which were available for distribution to the common shareholders. The excess value of the distribution is to be applied against and reduce the adjusted basis of the stock in the hands of each shareholder with the excess over that basis being taxed as capital gain. Under the stipulations of the parties and the above holding, recomputations under Rule 50 are necessary. Decisions will be entered under Rule *53 50. Footnotes
1. Proceedings of the following petitioners have been consolidated with Docket No. 49280: Barbara Bridge, Docket No. 56515; Farnsworth Currier and Elizabeth B. Currier, Docket No. 56516; Francis P. Farquhar and Marjory B. Farquhar, Docket No. 56517; and Pearson Henderson and Hope Weston Henderson, Docket No. 56518.↩